Case 2:24-cv-09785-CAS-PD   Document 1   Filed 11/13/24   Page 1 of 10   Page ID #:1

Michael W. Droke (SBN 162078)
Hannah R. Talmage (SBN 356224)
droke.michael@dorsey.com
talmage.hannah@dorsey.com
**DORSEY & WHITNEY LLP**
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone:   (206) 903-8800
Facsimile:   (206) 903-8820

Attorneys for Defendants
INSURANCE AUTO AUCTIONS, INC. and
RITCHIE BROS. AUCTIONEERS (AMERICA) INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARICELA ANAYA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>INSURANCE AUTO AUCTIONS, INC; RITCHIE BROS. AUCTIONEERS (AMERICA) INC.; RAYMOND RODECKER, an individual; and Does 1 through 50, inclusive,<br><br>Defendants. | CASE NO.<br><br>[Los Angeles County Superior Court Case No. 24STCV25054:<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (DIVERSITY)**<br><br>[28 U.S.C. §§ 1332, 1441, 1446]<br><br>[Filed Concurrently with Civil Cover Sheet; Joinder in Notice of Removal; Appendix of State Court Pleadings; Declarations of Marina M. Lyons and Diana Wolrige; and Certification and Notice of Interested Parties]<br><br>Complaint Filed:  September 30, 2024<br>Trial Date:         None Set |

4873-6665-7269\5

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Insurance Auto Auctions, Inc., and Ritchie Bros. Auctioneers (America) Inc. (collectively "Defendants") hereby invoke this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) and remove this action from state court to federal court pursuant to 28 U.S.C. § 1446 *et seq*.

**I.     PROCEDURAL BACKGROUND**

1.     On September 30, 2024, Plaintiff Maricela Anaya ("Plaintiff" and/or "Anaya") filed an unverified civil action complaint for damages in the Superior Court of the State of California for the County of Los Angeles, entitled *Maricela Anaya, an individual vs. Insurance Auto Auctions, Inc.; Ritchie Bros. Auctioneers (AMERICA) Inc.; Raymond Rodecker, an individual, and Does 1 through 50, inclusive*, Case No. 24STCV25054 (the "Complaint" or "State Court Action"). *See* **Exhibit** A**.** A true and correct copy of the Complaint is attached to the concurrently-filed Appendix of State Court Pleadings and Documents ("Appendix").

2.     The Complaint was served on Defendant Insurance Auto Auctions, Inc. on October 22, 2024, and on Ritchie Bros. Auctioneers (AMERICA) Inc. on October 18, 2024, along with a Summons, Civil Cover Sheet, Notice of Case Management Conference, Alternative Dispute Resolution (ADR) Information Package, General Order re: Mandated Electronic Filing and First Amended General Order, Voluntary Efficient Litigation Stipulation, and Notice of Case Assignment - Unlimited Civil Case. True and correct copies of these documents are attached hereto as **Exhibits B and C**.

3.     The Complaint alleges 11 causes of action: (1) Employment Discrimination on the Bais of Actual and Perceived Disability; (2) Failure to Accommodate Disability; (3) Failure to Engage in the Interactive Process; (4)

4873-6665-7269\5

Retaliation for Exercising Rights under the Fair Employment Housing Act; (5) Harassment; (6) Failure to Prevent Discrimination and Retaliation in Violation of the Fair Employment Housing Act; (7) Violation of Labor Code Section 1102.5; (8) Negligent Hiring and Retention; (9) Retaliation for Exercising Rights Under California Family Rights Act; (10) Retaliation for Exercising Rights under California Family Rights Act; and (11) Wrongful Termination in Violation of Public Policy.

4.     Defendants filed and served an Answer to the Complaint on November 6, 2024. Lyons Decl. ¶ 6. A true and correct copy of the Answer is attached to the concurrently-filed Appendix.

5.     Defendants have not been served with any other pleadings, process, or orders in the State Court Action. The Complaint, Summons, the Alternative Dispute Resolution Information Package, the Voluntary Efficient Litigation Stipulation Packet, the Order Pursuant to California Code of Civil Procedure Section 1054(a), and the Notice of Case Assignment Unlimited Civil Case therefore constitute all of the pleadings, process, and orders served on Defendant in the State Court Action. Under 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on Defendant in the State Court Action are therefore attached to this Notice in the concurrently-filed Appendix.

## II.    GROUNDS FOR REMOVAL – 28 U.S.C. § 1332

6.     Under 28 U.S.C. § 1332(a), the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between – (1) citizens of different States." *Id*. § 1332(a)(i).

7.     Defendants properly remove the State Court Action to this Court under 28 U.S.C. § 1332 because it is a civil action over which this Court has original jurisdiction.

8.     Diversity citizenship exists because Plaintiff and Defendants are

4873-6665-7269\5

citizens of different states.

### A.    Defendants Satisfy Their Burden on Removal

9.    A defendant removing an action to federal court "need include only [] plausible allegation[s]" that the action meets the jurisdictional requirements for removal. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Moreover, "the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations." *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013).

10.    While expressly reserving all of their rights, for purposes of plausibly alleging the jurisdictional requirements for removal only, Defendants submits that the State Court Action satisfies each of the following requirements.

### B.    There is Complete Diversity of Citizenship

11.    An individual's "domicile" determines their state citizenship. *Adams v. West Marine Prods.*, 958 F.3d 1216, 1221 (9th Cir. 2020). An individual is "domiciled" where they are physically present and intend to remain. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

12.    Plaintiff alleges that she "at all relevant times mentioned herein was, an individual, who is a resident of the State of California." (**Exhibit A**, ¶ 1). Plaintiff is therefore domiciled in and a citizen of the State of California. *See Mondragon*, 736 F.3d at 886 (holding that the "jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction…").

13.    A corporation or other business entity is a citizen of the state (or states) in which it is incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1).

14.    "A person is a citizen of the state in which he has his domicile, i.e., a permanent home where he intends to remain or to which he intends to return." *Martinez v. Michaels*, No. CV 15-02104 MMM (Ex), 2015 U.S. Dist. LEXIS 92180,

NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT (DIVERSITY)
-4-

4873-6665-7269\5

\* 11 (C.D. Cal. July 15, 2015) (citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915) and *Kanter*, 265 F.3d at 857 ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.")).

15. Plaintiff incorrectly states Defendants' citizenship in the Complaint. Defendant Insurance Auto Auctions, Inc. is incorporated and has its principal place of business in Illinois. *See* Declaration of Diana Wolrige ("Wolrige Decl.") ¶ 3. Defendant Ritchie Bros. Auctioneers (AMERICA) Inc. is incorporated in Washington State, and has a principal place of business in Illinois. Wolrige Decl. ¶ 2.

16. Defendant Raymond Rodecker currently resides at an address in Florida. *See* Lyons Decl. ¶ 9. Mr. Rodecker has resided at this address since 2018. *Id*. Prior to his current residence, Mr. Rodecker lived for two consecutive years at another residence in Florida. *Id*. Mr. Rodecker's continuous physical presence in Florida, demonstrates Florida is his permanent home where he intends to remain.

17. Accordingly, no defendants are citizens of California. Insurance Auto Auctions is a citizen of Illinois, Ritchie Bros. Auctioneers (AMERICA) Inc. is a citizen of the State of Washington and Illinois. And, Mr. Rodecker is a citizen of Florida, for purposes of determining diversity.

18. As set forth above, the State Court Action is a civil action between citizens of different states, which establishes complete diversity.

**C.    The Amount in Controversy Requirement is Satisfied.**

19. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn*, 936 F.3d 920, 927 (9th Cir. 2019) (allowing removing

4873-6665-7269\5

defendant to rely on a "chain of reasoning" in calculating amount in controversy).

20.    Defendants deny any liability to Plaintiff under any cause of action. Although the Complaint does not quantify the amount of damages sought, for purposes of satisfying the removal requirements only, the allegations place more than $75,000 in controversy, as follows.

21.    Courts separate lost wages into two categories: past wages, wages between the date of Plaintiff's termination and the date of removal, and future wages, lost wages between the date of removal and trial. *Thayer v. Securitas Security Services USA, Inc.*, 2021 U.S. Dist. LEXIS 66845, 2021 WL 1263837, at *2 (C.D. Cal. Apr. 6, 2021).  The Complaint seeks both past and future economic damages, including lost wages, benefits, and other compensatory damages in an amount to be ascertained at the time of trial. (**Exhibit A**, ¶ 86).

22.    The Complaint alleges that Defendants wrongfully terminated Plaintiff's employment on or about November 9, 2023. At the time of Plaintiff's termination, Plaintiff was making an annualized income of $89,281.53 and was paid $1,716.95 per week. **Exhibit D.** Accordingly, the estimated amount in controversy for lost wages, from the date of termination to the date of removal, is approximately $89,281.53.

23.    If a plaintiff puts future wages into controversy, the court may include lost wages until the date of trial in the amount of controversy. *Reyes v. Staples the Office Superstore, LLC*, No. CV 19-07086-CJC-SKx, 2019 U.S. Dist. LEXIS 150735 (C.D. Cal. Sept. 3, 2019). Assuming, for removal purposes, trial is one year from the date of removal, the estimated amount in controversy for future lost wages is $89,281.53.

24.    Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.

4873-6665-7269\5

1998). In the Complaint, Plaintiff seeks reasonable attorneys' fees and costs pursuant to Section 12965(c) of the California Government Code. (**Exhibit A**, ¶ 245). As such, these fees may be included in the amount in controversy. Several courts have assumed 100 hours of billed attorney time between the inception of the case and its final disposition to be reasonable. *Wagner v. Wal-Mart Assocs., Inc.*, 688 F. Supp. 3d 1047, 1054 (C.D. Cal. 2023). The Central District of California has further found that a reasonable rate for employment cases is $300 per hour. *Id*. Accordingly, the court may find Defendants' estimation of attorney's fees in the amount of $30,000 based upon $300 per hour with 100 hours is reasonable.

25.     Further, Plaintiff's counsel confirmed that Plaintiff's demand will "be in the seven figures." Lyons Decl. ¶ 11.

26.     For purposes of satisfying the removal requirements only, the Plaintiff's allegations place more than $75,000 in controversy. 28 U.S.C. § 1332.

### III.    THE PROCEDURAL REMOVAL REQUIREMENTS ARE SATISFIED.

#### A.     This Notice of Removal is Timely Filed.

27.     A notice of removal may be filed within thirty days of service of the summons and complaint. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint …."). Defendant Ritchie Bros. Auctioneers (AMERICA) Inc. was served with the Complaint on October 18, 2024. Defendant Insurance Auto Auctions, Inc. was served with the Complaint on October 22, 2024.

28.     Accordingly, the Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of such service.

#### B.     Venue is Proper.

29.     Removal to the Western Division of the Central District of California is

4873-6665-7269\5

proper because it is the district and division embracing the Superior Court of the State of California for the County of Los Angeles, where the State Court Action was filed. 28 U.S.C. § 1446(a) (requiring the notice of removal to be filed in the district court of the United States for the district and division in which the state court action is pending); *id*. §84(c)(2) (confirming that Los Angeles County falls within the Western Division of the Central District of California).

**C.    Notice of Filing**

30.    Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Los Angeles and serving the same upon counsel for Plaintiff.

31.    As required by 28 U.S.C. 1446(a), true and correct copies of all documents from the State Court Action are being filed along with this Notice of Removal and are attached hereto in the Appendix.

**D.    All Properly Served Defendants Consent to Removal and There Are No Prior Removals.**

32.    A defendant removing an action to federal court under 28. U.S.C. § 1446 must satisfy the judge-made rule that all properly served defendants in the action must unanimously join or consent to the removal. All defendants who have been "properly … served in the action" must join a petition for removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Non-joining defendants who are not properly served will not render removal defective. *See Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011).

33.    There are three defendants named in the Complaint, but only Insurance Auto Auctions, Inc. and Ritchie Bros. Auctioneers (AMERICA) Inc. were properly served. *See* **Exhibits B and C**. No proof of service has been filed for Raymond Rodecker. *See* **Exhibit F**. Further, Plaintiff only confirmed "entities" were served. Lyons Decl. ¶ 8.

4873-6665-7269\5

34.    Both Insurance Auto Auctions, Inc. and Ritchie Bros. Auctioneers (AMERICA) consent to removal. Accordingly, all properly served defendants consent to removal.

35.    No previous Notice of Removal has been filed in relation to the State Court Action.

## IV.    CONCLUSION

36.    For the foregoing reasons, federal jurisdiction exists pursuant to 28 U.S.C. § 1332, and this action is removable to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446.

Dated:  November 13, 2024        DORSEY & WHITNEY LLP

By: _____
Michael W. Droke (SBN 162078)
Hannah R. Talmage (SBN 356224)
701 5th Avenue Suite 6100
Seattle, WA 98104-7043
droke.michael@dorsey.com

*Attorneys for Insurance Auto Auctions, Inc. and Ritchie Bros. Auctioneers (AMERICA) Inc.*

## **PROOF OF SERVICE**

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the City of Seattle, County of King, State of Washington. I am over the age of 18 years and not a party to the within action. My business address is 701 Fifth Avenue, Suite 6100, Seattle, WA 98104. On November 13, 2024, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:

**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (DIVERSITY)**

SERVED UPON:

Edward Lara
Elara@LaraLunaLaw.com
Linda Luna Lara
LLara@LaraLunaLaw.com
Anahi C. Contreras
AContreras@LaraLunaLaw.com
**LARA & LUNA APC**
6131 Orangethorpe Ave, Suite 215
Buena Park, CA 90620
Telephone: (562) 444-0010
Facsimile: (949) 288-6953

*Attorneys for Plaintiff*

☐ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Seattle, Washington. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☒ (BY ELECTRONIC MAIL) Pursuant to Code Civ. Proc. § 1010.6 and Cal. Rules of Court, Rule 2.251(c), my electronic business address is sutherland.hannah@dorsey.com and I caused such document(s) to be electronically served to the interested parties at the email address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmissions were unsuccessful.

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 13, 2024, at Seattle, Washington.

_____
Hannah Sutherland, Legal Assistant

4873-6665-7269\5